IN UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VALERIE ELIZONDO, | § § | |
| Plaintiff, | § § | |
| v. | § § | Cause No.: __5:25-CV-01109__ |
| VIA METROPOLITAN TRANSIT POLICE STATION AND BRANDON TAMAYO, | § § § § | |
| Defendants. | § | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW**, VALERIE ELIZONDO ("Plaintiff"), Plaintiff in the above-entitled and captioned cause, by and through her undersigned attorney, complaining of Defendants, and respectfully alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil rights action in which Plaintiff seeks relief for the violation of her rights secured by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments.

2. Jurisdiction of this Court is found upon 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

4. The events that gave rise to this lawsuit took place in San Antonio, Texas.

5. Venue is appropriate in the Western District of Texas pursuant to 28 U.S.C. § 1391(b) since the individual Defendant is an employee of the VIA Metropolitan Transit Department Station and the acts providing the legal basis for this Complaint occurred here.

**PARTIES**

6.      Plaintiff is a citizen of San Antonio, Texas.

7.      Defendants are all, upon information and belief, Texas municipal entities and/or individual members of law enforcement agencies, in an appointed or elected capacity.

8.      Defendant VIA Metropolitan Transit Department Station, a law enforcement agency, and is a municipality capable of being sued under Texas law. Plaintiff bases all applicable and appropriate claims as to the Defendants VIA Metropolitan Transit Department Station on the doctrines of respondeat superior or vicarious liability, and municipal liability pursuant to *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658 (1978).

9.      Defendant Officer Brandon Tamayo ("Tamayo") is employed by the VIA Metropolitan Transit Department Station as a law enforcement officer in the City of San Antonio and was acting under the color of state law. He is sued in his personal, official, and individual capacities pursuant to applicable law.

**FACTUAL BACKGROUND**

10.     On or about September 5, 2023, Plaintiff was lawfully waiting in the drive-through line at Whataburger, located at 516 W Cypress Street in San Antonio, Texas 78212. While she was waiting for her order, Defendant Tamayo, an officer employed by the VIA Metropolitan Transit Police Department, pulled in behind her vehicle. Without lawful justification or explanation, he ordered Plaintiff to pull aside. When Plaintiff asked for identification and clarification, Defendant refused to provide any information regarding his authority or the reason for the stop.

11.     Defendant unlawfully opened the passenger-side door of Plaintiff's vehicle, shifted the car into park, and forcibly removed her seat belt. He then struck Plaintiff in the ribs,

2

twisted her arm, and violently pulled her out of the vehicle. As she was being escorted away, another officer shoved Plaintiff against the patrol vehicle, which further aggravated her injuries, and injured her back. Upon arriving and assessing the situation, a supervisor ordered that Plaintiff be immediately released, admitting that the officers had mistakenly believed the vehicle was stolen. In truth, the vehicle belonged to Plaintiff's partner, and the error arose only because a dealership had placed incorrect license plates on the car. Defendant Tamayo has a documented history of misconduct, engaged in excessive force and unlawful conduct throughout this incident, and directly causing Plaintiff's physical and emotional damages.

## COUNT I
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (FOURTH AMENDMENT – EXCESSIVE FORCE)
### (AGAINST ALL DEFENDANTS)

12. Plaintiff incorporates by reference all prior paragraphs describing the parties and factual allegations, because all such paragraphs are pertinent to this claim.

13. The Fourth Amendment prohibits law enforcement from using excessive force when effectuating an arrest and/or employees knew or should have known about the dangerous mesh, had they exercised reasonable care to inspect and maintain the premises.

14. Plaintiff did not pose any threat to the safety of any of the Officers or to the safety of any other civilians in the above-referenced arrest.

15. At all times relevant, Plaintiff had a clearly established right to liberty, including her right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force, and excessive force pursuant to the Fourth Amendment to the United States Constitution.

16. The use of force against Plaintiff described herein was excessive, without legal justification, and not justified by the totality of the circumstances.

17. At all times relevant as a law enforcement officer acting under color of law, Defendant Tamayo was required to obey the laws of the United States.

18. Defendants intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently injured, through the use of excessive force, the Plaintiff without any lawful basis.

19. Defendant Tamayo's actions constituted excessive force.

20. The aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States, and in violation of 42 U.S.C. § 1983.

21. As a proximate result of the illegal and unconstitutional acts of Defendants, Plaintiff was harmed and suffered damages for her physical injuries and their long-lasting after-effects, mental pain, emotional injury and pain, mental anguish, her unlawfully-seized vehicle, her unlawfully-seized money, loss of work, humiliation, and embarrassment, and has suffered damages in an amount in excess of $100,000.00.

## COUNT II
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment – Unlawful Detainment & Arrest)
### (Against All Defendants)

22. Plaintiff incorporates by reference all prior paragraphs describing the parties and factual allegations, because all such paragraphs are pertinent to this claim.

23. The Fourth Amendment requires police officers to have articulable reasonable suspicion before detaining a criminal suspect.

24. The Fourth Amendment requires police officers to have probable cause before placing a criminal suspect under arrest.

25. At all times relevant, Plaintiff had a clearly established right to liberty, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, and unreasonable force pursuant to the Fourth Amendment to the United States Constitution.

26. At all times relevant, as police officers acting under color of law, Defendant Tamayo was required to obey the laws of the United States.

27. Defendant Tamayo intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently detained, handcuffed and/or arrested Plaintiff without a warrant or any lawful basis with respect to wrong dealership plates.

28. Defendant Tamayo effectuated the traffic stop without having any knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff had committed any offense, whatsoever.

29. Defendant Tamayo intentionally detained and arrested Plaintiff without a legally valid reason.

30. Defendant Tamayo's actions constituted an unlawful arrest of the Plaintiff.

31. The aforementioned acts deprived the Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. § 1983.

32. As a proximate result of the illegal and unconstitutional acts of Defendants, Plaintiff was harmed and suffered damages for her physical injuries and their long-lasting after-

effects, mental pain, emotional injury and pain, mental anguish, loss of work, humiliation, and embarrassment, and has suffered damages in an amount in excess of $100,000.00.

### COUNT III
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment – Unlawful Search and Seizure)
### (Against All Defendants)

33. The Plaintiff incorporates by reference all prior paragraphs describing the parties and factual allegations, because all such paragraphs are pertinent to this claim.

34. The Fourth Amendment requires police officers to possess sufficient probable cause or reasonable suspicion to search a criminal suspect or seize their personal property.

35. Defendant Tamayo intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently searched Plaintiff's person and seized her personal property without his consent, a warrant, or any lawful basis.

36. The Defendant Officers searched the Plaintiff's person and seized her personal property in violation of the Plaintiff's Fourth Amendment rights.

37. At all times relevant, the Plaintiff had a clearly established right to liberty, including her right to protection from unlawful seizure pursuant to the Fourth Amendment to the United States Constitution.

38. At all times relevant, as police officers acting under color of law, the Officers were required to obey the laws of the United States.

39. In violation of the Plaintiff's clearly established constitutionally-protected right to be free of unreasonable search and seizure without due process of law under the Fourth

Amendment to the United States Constitution, Defendant Tamayo unlawfully searched Plaintiff's person and seized his personal property.

40. As a proximate result of the illegal and unconstitutional acts of Defendants, Plaintiff was harmed and suffered damages for her mental pain, emotional injury and pain, mental anguish, loss of work, humiliation, and embarrassment, and has suffered damages in an amount in excess of $100,000.00.

## COUNT IV
## NEGLIGENCE: Negligent Hiring, Negligent Retention, Negligent Supervision, Negligent Infliction of Emotional Distress
## (Against Defendant VIA Metropolitan Transit Police Station)

41. Plaintiff incorporates by reference all prior paragraphs describing the parties and factual allegations, because all such paragraphs are pertinent to this claim.

42. Defendant Tamayo is an employee, deputy and/or agent of municipalities.

43. All acts of the individual Defendant Tamayo alleged above were conducted within the scope of the Defendants' employment or duties.

44. Defendant VIA Metropolitan Transit Department Station owed a duty of care to the Plaintiff to exercise reasonable care in hiring, retaining, and supervising its employees.

45. Defendant VIA Metropolitan Transit Department Station knew or should have known of Defendants Tamayo's dangerous character based on prior complaints of excessive force violations and/or background checks including psychological evaluations.

46. Defendant VIA Metropolitan Transit Department Station breached its duty of care to the Plaintiff by failing to properly supervise, provide training, and take remedial measures, such as discharge or reassignment, against their employees to ensure the safety of the Plaintiff.

47. As a result of Defendants' negligent acts, Plaintiff reasonably feared for his safety and has suffered severe emotional distress.

48. Wherefore, as a direct and proximate cause of the actions of Defendants, Plaintiff has suffered damages for her physical injuries and her long-lasting after-effects, mental pain, emotional injury and pain, mental anguish, his unlawfully-seized vehicle, his unlawfully-seized money, loss of work, humiliation, and embarrassment, and has suffered damages in an amount in excess of $100,000.00.

## PRAYER FOR RELIEF

49. **WHEREFORE**, the Plaintiff, VALERIE ELIZONDO, demands judgment and prays for the following relief, jointly and severally, against all Defendants:

   a) Full and fair compensatory damages in an amount to be determined by a jury;

   b) Punitive damages in an amount to be determined by a jury;

   c) Reasonable attorney's fees and costs of this action; and

   d) Any such other relief as appears just and proper.

## JURY DEMAND

50. Plaintiff hereby demands a trial by jury of all triable issues, per Fed. R. Civ. P. 38(b).

Respectfully submitted,

**CAL MUNDELL LAW FIRM, P.L.L.C.**
1520 N. Campbell St.
El Paso, Texas 79902
Phone: (915) 250-0700
Fax: (915) 250-0087
Email: cal@calmundelllaw.com


By:  /s/ *Cal Mundell*
     **Cal Mundell**
     Texas State Bar No. 24109059

Attorney for Plaintiff