**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| VALERIE ELIZONDO, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | Civil Case No. 5:25-cv-01109-MA |
| VIA METROPOLITAN TRANSIT POLICE STATION AND BRANDON TAMAYO, | § § § § § | |
| *Defendants*. | § § | |

---

**DEFENDANTS VIA METROPOLITAN POLICE STATION**
**AND BRANDON TAMAYO'S MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT [Dkt. 1]**

---

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW DEFENDANTS VIA METROPOLITAN TRANSIT POLICE STATION and BRANDON TAMAYO (collectively "Defendants") and file this Motion to Dismiss Plaintiff's *Complaint and Demand for Jury Trial* [Dkt. 1], pursuant to Federal Rules of Civil Procedure 12(b)(6), and would respectfully show the Court as follows:

**I.**
**PROCEDURAL HISTORY**

1.    On September 4, 2025, Plaintiff Valerie Elizondo (hereinafter "Plaintiff") filed Plaintiff's *Complaint and Demand for Jury Trial* ("Plaintiff's Complaint").  [Dkt.1].

2.    However, Plaintiff did not timely serve either named Defendant.

3.    On January 14, 2026, Defendant VIA Metropolitan Transit Police Station was served with Summons and Complaint.  [Dkt.12].  That was 132 days after Plaintiff's Complaint was filed and 131 days after the two-year statute of limitations ran. *See* Fed. R. Civ. P. 4.

*Defs' Motion to Dismiss*                                                                                                        1

4. On January 15, 2026, Defendant Brandon Tamayo ("Officer Tamayo") was served [Dkt. 13]. That was 133 days after Plaintiff's Complaint was filed and 132 days after the two-year statute of limitations ran. *See* Fed. R. Civ. P. 4.

5. Plaintiff's Complaint asserts claims under 42 U.S.C. §1983 regarding excessive force, unlawful detainment and arrest, and unlawful search and seizure against all Defendants, as well as pendant state law claims of negligent hiring, retention, and supervision, and negligent infliction of emotional distress against Defendant VIA Metropolitan Transit Police Station ("Defendant VIA").

6. This Honorable Court should dismiss Plaintiff's allegations against Defendants pursuant to Rule 12(b)(6).

## II.
## PLAINTIFF'S FACTUAL ALLEGATIONS

7. Plaintiff alleges that "Defendant VIA Metropolitan Transit Police Station, [is] a law enforcement agency, and is a municipality capable of being sued under Texas law." [Dkt.1, ⁋ 8].

8. Plaintiff alleges that on September 5, 2023, she was in the drive-through line at a Whataburger located at 516 W. Cypress Street, San Antonio, Texas 78212, when Officer Brandon Tamayo pulled in behind Plaintiff's vehicle. [Dkt.1, ¶10].

9. "Without lawful justification or explanation, [Officer Tamayo] ordered Plaintiff to pull aside." [Dkt.1, ⁋10].

10. "When Plaintiff asked for identification and clarification, [Officer Tamayo] refused to provide any information regarding his authority or the reason for the stop." [Dkt.1, ⁋10].

11. "[Officer Tamayo] unlawfully opened the passenger-side door of Plaintiff's vehicle, shifted the car into park, and forcibly removed her seat belt." [Dkt.1, ⁋11].

12.    Plaintiff alleges that[1] "[Officer Tamayo] then struck Plaintiff in the ribs, twisted her arm, and violently pulled her out of the vehicle." [Dkt.1, ℙ11].

13.    "As she was being escorted away, another officer shoved Plaintiff against the patrol vehicle, which further aggravated her injuries, and injured her back." [Dkt.1, ℙ11].

14.    "[A] supervisor ordered that Plaintiff be immediately released, admitting that the officers had mistakenly believed the vehicle was stolen." [Dkt.1, ℙ11].

15.    "[T]he vehicle belonged to Plaintiff's partner." [Dkt.1, ℙ11].

16.    The reason for the police thinking the car was stolen was "only because a dealership had placed incorrect license plates on the car." [Dkt.1, ℙ11].

17.    Plaintiff makes the conclusory and factually unsupported statement that "Defendant Tamayo has a documented history of misconduct." [Dkt.1, ℙ11].

### III.
### PLAINTIFF'S ALLEGED CAUSES OF ACTION

18.    Plaintiff alleges a violation of the Fourth Amendment, by use of excessive force against both Officer Tamayo and VIA Metropolitan Transit Police Station. [Dkt.1, ℙℙ13-21 (Count I)].

19.    Plaintiff alleges a violation of the Fourth Amendment, by unlawful arrest against both Officer Tamayo and VIA Metropolitan Transit Police Station.  [Dkt.1, ℙℙ23-32 (Count II)].

20.    Plaintiff alleges a violation of the Fourth Amendment, by unlawful search and seizure against both Officer Tamayo and VIA Metropolitan Transit Police Station. [Dkt.1, ℙℙ34-40 (Count III)].

---

[1] This is a troublesome allegation as the body cam video captured the entire interaction between Officer Tamayo and Plaintiff and no such blow was struck.  A separate Rule 11 Motion will be served to address these material misrepresentations to the Court.

21.     Plaintiff alleges negligence claims of "Negligent Hiring, Negligent Retention, Negligent Supervision, Negligent Infliction of Emotional Distress (Against Defendant VIA Metropolitan Transit Police Station)." [Dkt.1, ¶¶42-48 (Count IV)].

**IV.**
**MOTION TO DISMISS STANDARDS**

**Rule 12(b)(6), failure to state a claim.**

22.     If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. FED R. CIV. P 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 44, 556 (2007)).

23.     A claim is plausible on its face only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).   The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted).  Rather, the Court must be sure that the complaint alleges sufficient facts to move the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  When considering a motion to dismiss under Rule 12(b)(6) the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).  While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *See Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th

Cir. 1993).

**Qualified Immunity.**

24.     Qualified immunity shields an officer from liability if his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).   In order to overcome qualified immunity, a plaintiff must show that the officer (1) violated a constitutional right and (2) that "the right at issue was 'clearly established' at the time of [the] alleged misconduct." *Id*. at 232, 129 S.Ct. 808 (quotation omitted).  Courts have discretion to address either or both prongs. *Id.* at 236, 129 S.Ct. 808; *Ramirez v. Escajeda*, 44 F.4th 287, 291 (5th Cir. 2022).

25.     The "clearly established" prong requires that existing precedent must "squarely govern the specific facts at issue, such that only someone who is plainly incompetent or who knowingly violates the law would have behaved as the official did." *Joseph ex rel. Est. of Joseph v. Bartlett*, 981 F.3d 319, 332 (5th Cir. 2020). Courts must "frame the constitutional question with specificity and granularity," rather than "at a high level of generality." *Ramirez*, 44 F.4th at 292 (quoting *Morrow v. Meachum*, 917 F.3d 870, 874-75 (5th Cir. 2019) and *Ashcroft v. al-Kidd*, 563 U.S. 731, 742, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011).

> An officer can be stripped of qualified immunity only when "the violative nature of the particular conduct is clearly established ... in light of the specific context of the case, not as a broad general proposition." *Mullenix v. Luna*, 577 U.S. 7, 12, 136 S.Ct. 305, 193 L.Ed.2d 255 (2015) (per curiam) (internal quotation marks and citations omitted). In sum, controlling precedent must have placed the question "beyond debate," with "the right's contours ... sufficiently definite that any reasonable official in the [officer's] shoes would have understood that he was violating it." *Plumhoff,* 572 U.S. at 778–79, 134 S.Ct. 2012 (quoting *al-Kidd*, 563 U.S. at 741, 131 S.Ct. 2074).

*Ramirez*, 44 F.4th at 292.

26.     With regard to use of force, the Supreme Court has stated:

The "reasonableness" of a particular use of force must be judged from the perspective

of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . With respect to a claim of excessive force, the same standard of reasonableness at the moment applies: "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," . . . violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

*Graham v. Connor*, 490 U.S. 386, 396–97, 109 S. Ct. 1865, 1872, 104 L. Ed. 2d 443 (1989)(internal citations omitted).

27.     This Court must also evaluate a use of force claim under the "totality of the circumstances." *Barnes v. Felix*, 145 S. Ct. 1353, 1359, 221 L. Ed. 2d 751 (2025).

**V.**
**<u>MOTION TO DISMISS</u>**

**THE COURT SHOULD DISMISS PLAINTIFF'S EXCESSIVE FORCE CLAIMS**

**Officer Tamayo.**

28.     Plaintiff's excessive force claims should be dismissed because Officer Tamayo's use of force was objectively reasonable under the circumstances he faced at the time of Plaintiff's arrest.

29.     A plaintiff asserting an excessive-force claim under § 1983 must allege facts showing he suffered "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and (3) the use of force that was objectively unreasonable." *Bush v. Strain*, 513 F.3d 492, 501 (5th Cir. 2008).

30.     Officer Tamayo noticed that Plaintiff's vehicle had paper license plates which belonged to another vehicle.  Officer Tamayo had probable cause to believe that the vehicle was possibly stolen. *See Wood v. State*, 632 S.W.2d 734, 742 (Tex. Crim. App. 1982)(Officers "determined that the license plates on both vehicles . . . had been issued to other vehicles. Therefore, probable cause existed to believe that the two vehicles were stolen.").

31.     Assuming, as Plaintiff has alleged, that there was a license plate violation, [Dkt.1, ₱11] the Fifth Circuit Court of Appeals has long held that Texas police officers have the right to make a custodial arrest in response to a license plate violation.  *See United States v. Hernandez*, 901 F.2d 1217, 1219–20 (5th Cir. 1990)(quoting *United States v. Basey*, 816 F.2d 980, 990 fn.17 (5th Cir. 1987).

32.     Plaintiff admits that Officer Tamayo initially attempted to gain compliance from Plaintiff verbally before resorting to physical means, i.e. "[H]e ordered Plaintiff to pull aside." [Dkt.1, ₱10.]. Plaintiff does not plead that she complied with Officer Tamayo's orders.

33.     When this was unsuccessful, Plaintiff alleges that Officer Tamayo next "unlawfully opened the passenger-side door of Plaintiff's vehicle…[and] shifted the car into park." [Dkt.1, ₱11.].  This was an escalation in force, that while physical, gave Plaintiff another opportunity to comply with Officer Tamayo's orders.  However, in the light of clear probable cause to make a custodial arrest, Plaintiff does not plead how opening the passenger side door was illegal, nor does Plaintiff plead what law Officer Tamayo allegedly violated.

34.     Only in response to Plaintiff's resistance did Officer Tamayo resort to physical force.

35.     Plaintiff does not plead that any additional force was used by Officer Tamayo after Plaintiff was handcuffed, as it was "another officer" who allegedly "shoved Plaintiff against the patrol vehicle" while she was being escorted away. [Dkt.1, ₱11.].

36.     Plaintiff's threadbare allegations do not provide the Court with much to go on, but the Court must measure the factors and circumstances surrounding the use of force.

> Factors such as "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting," as well as other relevant circumstances "may bear on the reasonableness or unreasonableness of the force used." *Kingsley v. Hendrickson*, 576 U.S. 389, 397, 135

S.Ct. 2466, 192 L.Ed.2d 416 (2015). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396, 109 S.Ct. 1865.

*Rivera v. City of Pasadena*, 555 F. Supp. 3d 443, 459 (S.D. Tex. 2021).

37.     Viewed objectively, Officer Tamayo responded with "measured and ascending" force in response to Plaintiff's escalating verbal and physical resistance. *Poole v. City of Shreveport*, 691 F.3d 624, 632 (5th Cir. 2012)(quoting *Galvan v. City of San Antonio*, 435 Fed.Appx. 309, 311 (5th Cir.2010) (explaining that the use of force was reasonable when it involved "measured and ascending responses" to a plaintiff's noncompliance).  The Court noted:

> The application of force to effect an arrest is not a parlor game in which the arresting officers must consider the arrestee's sensibilities. Arrests are inherently dangerous and can escalate precipitously if the arrestee is not overcome immediately.

*Id.* at fn.6.

38.     Therefore, Officer Tamayo did not violate Plaintiff's rights, in that Plaintiff has not pled facts to show that he used excessive force. Rather, he used force that was objectively reasonable under the circumstances.  Officer Tamayo used escalating degrees of force only in response to Plaintiff's increasing physical and verbal resistance.  Officer Tamayo applied only the amount of force necessary to subdue Plaintiff and no more.  In short, Officer Tamayo did not violate Plaintiff's Fourth Amendment rights by use of excessive force.

39.     Additionally, regarding the second prong of the qualified immunity analysis, Plaintiff has not cited to any controlling precedent to show that any reasonable official in Officer Tamayo's shoes would have understood that he could not use reasonable force to arrest a suspect who did not comply with lawful verbal orders and physically resisted arrest.

40.     Therefore, Plaintiff has not carried her burden to show that "the violative nature of the particular conduct is clearly established ... in light of the specific context of the case, not as a broad

general proposition." *Mullenix v. Luna*, 577 U.S. 7, 12, 136 S.Ct. 305, 193 L.Ed.2d 255 (2015).

41.    Officer Tamayo is entitled to qualified immunity, and the Court should dismiss Plaintiff's excessive force claims.

**VIA Metropolitan Transit Police Station.**

42.    Plaintiff's Complaint makes excessive force claims against VIA Metropolitan Transit Police Station. [Dkt.1, ¶¶13-21].    However, Plaintiff does not plead specific facts about how VIA Metropolitan Transit Police Station, which appears to be a location and not an individual government actor who could possibly use excessive force in this way.

43.    Plaintiff's Complaint also does not contain facts to plausibly state a *Monell* liability theory against VIA Metropolitan Transit Police Station (assuming that Plaintiff is trying to sue a governmental entity).    "[A] a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."    *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978).

> It is well-established that a city is not liable under § 1983 on the theory of respondeat superior. *Monel*l, 436 U.S. at 694, 98 S.Ct. 2018; *Johnson,* 379 F.3d at 308. A municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it "through some official action or imprimatur." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.2001).    To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right. *Id.*

*Peterson v. City of Fort Worth, Tex*., 588 F.3d 838, 847 (5th Cir. 2009).    Plaintiff's Complaint does not contain factual allegations sufficient to plausibly support any of these elements.

44.    Finally, Plaintiff's Complaint does not contain factual pleadings to show that VIA Metropolitan Transit Police Station is a jural entity that is capable of being sued.

45.    "The capacity of an entity to sue or be sued 'shall be determined by the law of the state in

*Defs' Motion to Dismiss*                                                                                                          9

which the district court is held.'" *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)(quoting Fed.R.Civ.P. 17(b)).

46.    VIA Metropolitan Transit Authority is a governmental entity formed pursuant to Chapter 451 of the Texas Transportation Code.    However, VIA Metropolitan Transit Police Station is not a separate jural entity.

> An agency or department of a state may not be sued unless it "enjoy[s] a separate legal existence." *Hebrew v. Gonzalez*, No. 21-20585, 2022 WL 1316214, at *1 (5th Cir. May 3, 2022) (per curiam) (quoting *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)). "In *Darby*, the Fifth Circuit held that 'unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.'" *Halton v. Duplantis*, No. 3:12-CV-4274-B-BH, 2013 WL 1148758, at *4 (N.D. Tex. Mar. 1, 2013) (quoting Darby, 939 F.2d at 313), report and recommendation adopted, No. 3:12-CV-4274-B, 2013 WL 1155436 (N.D. Tex. Mar. 20, 2013). Plaintiff has the burden of showing a state department has capacity to be sued; "if a plaintiff fails to allege or demonstrate that such defendant is a separate legal entity having jural authority, then claims against that entity should be dismissed as frivolous and for failing to state a claim." *Rhodes v. Lewisville Police Dep't*, 4:20-CV-00007-SDJ-CAN, 2020 WL 8513792, at *3 (E.D. Tex. Dec. 2, 2020), report and recommendation adopted, 4:20-CV-007-SDJ, 2021 WL 515398 (E.D. Tex. Feb. 11, 2021).

*Kibbey v. Collin Cnty. Det. Facility*, No. 4:21-CV-799-SDJ-CAN, 2023 WL 2305970, at *2 (E.D. Tex. Feb. 6, 2023), report and recommendation adopted, No. 4:21-CV-799-SDJ, 2023 WL 2288955 (E.D. Tex. Feb. 28, 2023).

47.    Plaintiff's Complaint does not plead facts to show that VIA Metropolitan Transit Authority has taken any steps to grant VIA Metropolitan Transit Police Station with any jural authority.

48.    The Court should dismiss Plaintiff's excessive force claims against VIA Metropolitan Transit Police Station because: 1) Plaintiff's Complaint lacks factual allegations to plausible show that the VIA Metropolitan Transit Police Station did or even could have exercised any excessive force against Plaintiff; 2) Plaintiff's Complaint lacks factual allegations to support any of the necessary *Monell* elements for municipal liability; and 3) the VIA Metropolitan Transit Police Station is not a jural

entity that can be sued.

## THE COURT SHOULD DISMISS PLAINTIFF'S WRONGFUL ARREST CLAIM

**Officer Tamayo.**

49.    Plaintiff's wrongful arrest claim against Officer Tamayo should be dismissed because her arrest was supported by probable cause.

50.    In order to show that Officer Tamayo violated Plaintiff's civil rights, Plaintiff must plead facts to plausibly show that Officer Tamayo arrested her without probable cause.  *See Deville v. Marcantel*, 567 F.3d 156, 166 (5th Cir. 2009).

> A warrantless arrest must be based on "probable cause." Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.

*Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir. 2000)(citing *United States v. Wadley*, 59 F.3d 510, 512 (5th Cir.1995)). "If there was probable cause for any of the charges made ... then the arrest was supported by probable cause, and the claim for false arrest fails." *Deville*, 567 F.3d at 164 (5th Cir. 2009)(quoting *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir.1995).  "Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Id.* at 532 (quoting *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000)).

51.    "An officer may conduct a warrantless arrest based on probable cause that an individual has committed even a minor offense, including misdemeanors."  *Deville v. Marcantel,* 567 F.3d 156, 165 (5th Cir. 2009)(citing *Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001)).  "An officer's conduct is objectively reasonable 'if a reasonable person in their position could have believed he had probable cause to arrest.'" *Deville v. Marcantel*, 567 F.3d 156, 166 (5th Cir. 2009)(quoting *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir.2000)).

52.    Officer Tamayo had probable cause to believe that the vehicle Plaintiff was operating was

possibly stolen when he examined Plaintiff's incorrect license plates and saw they were registered to another vehicle. *See Wood v. State*, 632 S.W.2d 734, 742 (Tex. Crim. App. 1982)(Holding that when officers determined that the license plates belonged on different vehicles "probable cause existed to believe that the two vehicles were stolen."). However, even having the wrong plate on a motor vehicle is an offense for which Plaintiff could be lawfully arrested. *See* Texas Transportation Code Sections 504.944 and 504.945.

### § 504.944. Operation of Vehicle with Wrong License Plate

A person commits an offense if the person operates, or as the owner permits another to operate, on a public highway a motor vehicle that has attached to it a number plate or registration insignia issued for a different vehicle. An offense under this section is a misdemeanor punishable by a fine not to exceed $200.

Tex. Transp. Code § 504.944.

### § 504.945. Wrong, Fictitious, Altered, or Obscured License Plate

(a) A person commits an offense if the person attaches to or displays on a motor vehicle a license plate that:

    (1) is issued for a different motor vehicle; . . . .

Tex. Transp. Code Ann. § 504.945 (West)

53.    The Fifth Circuit Court of Appeals has long held that Texas police officers have the right to make a custodial arrest in response to a license plate violation:

Texas law authorizes warrantless misdemeanor arrests if an officer has 'probable cause to believe that the suspect has committed a crime in his presence.' *Bodzin v. City of Dallas,* 768 F.2d 722, 724 (5th Cir.1985) (emphasis in original; citing Tex.Code Crim.Proc.Ann. art. 14.01(b) (Vernon 1977)); *see also Tores v. State*, 518 S.W.2d 378 (Tex.Crim.App.1975) (stating that under Texas law officer may take driver into custody for any traffic offense except speeding).

*United States v. Hernandez*, 901 F.2d 1217, 1219–20 (5th Cir. 1990)(quoting *United States v. Basey*, 816 F.2d 980, 990 fn.17 (5th Cir. 1987).

54.     Simply put, Officer Tamayo did not violate Plaintiff's Fourth Amendment rights by arresting her, because the arrest was based on probable cause.

55.     Additionally, with regard to the second prong of the qualified immunity analysis, Plaintiff's Complaint does not cite to any controlling precedent to show that any reasonable official in Officer Tamayo's shoes would have understood that he did not have probable cause to arrest Plaintiff. At the very least Plaintiff violated Texas Transportation Code Sections 504.944 and 504.945 by having the wrong, fake, altered, or obscured license plates on her vehicle, which Plaintiff admits occurred.

56.     Officer Tamayo is entitled to qualified immunity, and the Court should dismiss Plaintiff's wrongful arrest claim.

**VIA Metropolitan Transit Police Station.**

57.     As previously discussed, and for the same reasons, the Court should dismiss Plaintiff's illegal arrest claims against VIA Metropolitan Transit Police Station because: 1) Plaintiff's Complaint lacks factual allegations to plausible show that the VIA Metropolitan Transit Police Station did or even could have arrested Plaintiff; 2) Plaintiff's Complaint lacks factual allegations to support any of the necessary *Monell* elements for municipal liability; and 3) the VIA Metropolitan Transit Police Station is not a jural entity that can be sued.

**THE COURT SHOULD DISMISS
PLAINTIFF'S UNLAWFUL SEARCH AND SEIZURE CLAIM**

**Officer Tamayo.**

58.     Officer Tamayo had probable cause to arrest Plaintiff when she was in control of a vehicle with plates that belonged to another vehicle. *See United States v. Hernandez*, 901 F.2d 1217, 1219–20 (5th Cir. 1990).

59.     It is black letter law that a police officer may conduct a search of a person incident to an

arrest.[2]

> The search incident to arrest exception rests not only on the heightened government interests at stake in a volatile arrest situation, but also on an arrestee's reduced privacy interests upon being taken into police custody. *Robinson* focused primarily on the first of those rationales. But it also quoted with approval then-Judge Cardozo's account of the historical basis for the search incident to arrest exception: "Search of the person becomes lawful when grounds for arrest and accusation have been discovered, and the law is in the act of subjecting the body of the accused to its physical dominion." 414 U.S., at 232, 94 S.Ct. 467 (quoting *People v. Chiagles*, 237 N.Y. 193, 197, 142 N.E. 583, 584 (1923)); *see also* 414 U.S., at 237, 94 S.Ct. 467 (Powell, J., concurring) ("an individual lawfully subjected to a custodial arrest retains no significant Fourth Amendment interest in the privacy of his person").

*Riley v. California*, 573 U.S. 373, 391–92, 134 S. Ct. 2473, 2488, 189 L. Ed. 2d 430 (2014).

60.     In short, Officer Tamayo did not violate Plaintiff's Fourth Amendment rights by searching and seizing her person pursuant to an arrest based on probable cause.

61.     Plaintiff concedes that the vehicle was not hers. [Dkt.1, ¶11]. Moreover, Plaintiff's Complaint does not contain facts to demonstrate that Officer Tamayo searched any particular area of the vehicle or that the search was unreasonable. Plaintiff's Complaint contains no factual allegations to plausibly show that Officer Tamayo illegally seized any other property belonging to or in the possession of the Plaintiff.

62.     With regard to the second prong of the qualified immunity analysis, Plaintiff has not cited to any controlling precedent to show that any reasonable official in Officer Tamayo's shoes would have understood that he did not have probable cause to arrest Plaintiff, or that he could not search Plaintiff subject to her arrest.

63.     Officer Tamayo is entitled to qualified immunity, and the Court should dismiss Plaintiff's claims regarding unlawful search and seizure.

---

[2] Again, the allegation about Officer Tamayo conducting a search of Plaintiff's person is troubling, since the body cam video clearly shows that a female officer searched Plaintiff's person.

**VIA Metropolitan Transit Police Station.**

64.     As previously discussed, and for the same reasons, the Court should dismiss Plaintiff's illegal search and seizure claims against VIA Metropolitan Transit Police Station because: 1) Plaintiff's Complaint lacks factual allegations to plausibly show that the VIA Metropolitan Transit Police Station did or even could have conducted an illegal search or seizure against Plaintiff; 2) Plaintiff's Complaint lacks factual allegations to support any of the necessary *Monell* elements for municipal liability; and 3) the VIA Metropolitan Transit Police Station is not a jural entity that can be sued.

## THE COURT SHOULD DISMISS PLAINTIFF'S NEGLIGENCE CLAIMS AGAINST DEFENDANT VIA METROPOLITAN TRANSIT POLICE STATION

65.     Negligence is not cognizable under 42 U.S.C § 1983. *See Eason v. Thaler*, 73 F.3d 1322, 1329 n.3 (5th Cir. 1996) ("[N]egligence is not a theory for which liability nay be imposed under section 1983."). Moreover, Plaintiff's Complaint does not contain factual allegations that would impose *Monell* liability on the VIA Metropolitan Transit Police Station.

66.     Likewise, Plaintiff's negligence claims are not cognizable under the Texas Tort Claims Act. "A municipality, as a political subdivision of the state, is not liable for the acts or conduct of its officers or employees unless the municipality's common law immunity is waived by the Texas Tort Claims Act ("TTCA")." *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994)(citing *Cronen v. Nix*, 611 S.W.2d 651 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e*.), cert. denied*, 454 U.S. 833, 102 S.Ct. 132, 70 L.Ed.2d 112 (1981)).

> The TTCA creates a limited waiver of sovereign immunity "for certain negligent conduct, but it does not waive immunity for claims arising out of intentional torts." *City of Watauga v. Gordon*, 434 S.W.3d 586, 594 (Tex.2014). Thus, "[i]f a plaintiff pleads facts which amount to an intentional tort, no matter if the claim is framed as negligence, the claim generally is for an intentional tort and is barred by the TTCA." *Harris Cty. v. Cabazos*, 177 S.W.3d 105, 111 (Tex.App.-Houston [1st Dist.] 2005).

*Saenz v. City of El Paso*, 637 F. App'x 828, 830 (5th Cir. 2016).

67.    Plaintiff's Complaint generally states claims for intentional torts of excessive force, unlawful arrest, and illegal search and seizure.  Therefore, Plaintiff's claims are based on intentional torts and are barred by the Texas Tort Claims Act.

68.    Nor can Plaintiff plead negligence in the alternative to avoid dismissal.

> Nor can Saenz avoid this bar by pleading negligence alternatively. A plaintiff may not maintain a negligence claim under the TTCA where the claim is based on "the same conduct" as the intentional tort claim. *See Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex.2001); *see also Goodman v. Harris Cty.*, 571 F.3d 388, 394 (5th Cir.2009) (explaining that the TTCA excludes "allegations against a governmental unit arising out of the same conduct that formed the basis of the intentional tort claims against its employee"). In this case, Saenz alleges no distinct facts aside from those that formed the basis of the excessive force claim. Because Saenz's negligence claim relies on the same conduct as the excessive force allegations, it falls outside the TTCA's "limited waiver of sovereign immunity." *Goodman*, 571 F.3d at 394 (internal quotation marks and citation omitted).

*Saenz v. City of El Paso*, 637 F. App'x 828, 831 (5th Cir. 2016).

69.    Finally, Plaintiff has not pled facts to demonstrate that the VIA Metropolitan Transit Police Station is a separate jural entity that may be sued.

70.    The Court should dismiss Plaintiff's Complaint in its entirety.

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants VIA Metropolitan Transit Police Station and Brandon Tamayo respectfully request that the Court grant their Motion to Dismiss and dismiss all of Plaintiff's' claims, pursuant to FRCP 12(b)(6), and for such other and further relief to which they may show themselves to be justly entitled, at law and in equity.

SIGNED this 28th day of January, 2026.

Respectfully submitted,

BOJORQUEZ LAW FIRM, PC
11675 Jollyville Road, Suite 300
Austin, Texas 78759
(512) 250-0411
(512) 250-0749 (Facsimile)

By:   _____

SCOTT M. TSCHIRHART
State Bar No. 24013655
scott@texasmunicipallawyers.com

*Attorneys for Defendants VIA Metropolitan Transit Police Station and Brandon Tamayo*

## CERTIFICATE OF CONFERENCE

In accordance with the Standing Order in Civil Cases Assigned to Fred Biery [Dkt.5], the undersigned certifies that 1) before filing this Motion to Dismiss Plaintiff's Complaint and Demand for Jury Trial [Dkt.1], Defendants' counsel first conferred with Plaintiff's counsel via email on January 16, 2026, providing written notification concerning the proposed deficiencies and the expected basis of the Motion; 2) following this conference, Plaintiff did not file an Advisory to the Court of intent to amend Plaintiff's Complaint within the required seven (7) day period, nor did Plaintiff file an Amended Complaint. Consequently, Defendants hereby file this Motion to Dismiss Plaintiff's Complaint and Demand for Jury Trial [Dkt 1.], in compliance with the Standing Order.

SCOTT M. TSCHIRHART

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify and attest that on this the 28th day of January, 2026, all parties in interest or listed below have received a true and correct copy of the foregoing as indicated or by **electronic mail from the Clerk of the Court.**

Cal Mundell                                                      *Via E-Notification*
CAL MUNDELL LAW FIRM, PLLC
1520 N. Campbell Street
El Paso, Texas 79902
Phone:  (915) 250-0700
Fax: (915) 250-0087
cal@calmundelllaw.com
*Attorneys for Plaintiff*

SCOTT M. TSCHIRHART