**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| VALERIE ELIZONDO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Case No. 5:25-cv-01109-MA |
| | § | |
| VIA METROPOLITAN TRANSIT | § | |
| POLICE STATION AND BRANDON | § | |
| TAMAYO, | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS VIA METROPOLITAN TRANSIT POLICE STATION**
**AND BRANDON TAMAYO'S OPPOSED MOTION TO STAY DISCOVERY**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW DEFENDANTS VIA METROPOLITAN TRANSIT POLICE STATION AND BRANDON TAMAYO ("Defendants") and file this their Opposed Motion to Stay Discovery and would respectfully show the Court as follows:

**I.**
**PROCEDURAL HISTORY**

1.    On September 4, 2025, Plaintiff Valerie Elizondo (hereinafter "Plaintiff") filed Plaintiff's Complaint and Demand for Jury Trial ("Plaintiff's Complaint"). [Dkt.1].

2.    On January 28, 2026, Defendants filed their Motion to Dismiss, asserting that Officer Tamayo is entitled to qualified immunity. [Dkt.14].

3.    Defendants now move the Court to stay this case, pending ruling on Officer Tamayo's assertion of qualified immunity.

## II.
## ARGUMENT AND AUTHORITY

4.      Defendants' Motion to Dismiss asserts Defendant Officer Brandon Tamayo's individual entitlement to qualified immunity from Plaintiff's claims.  [Dkt.14, ¶¶28-41; 49-56; 58-63].

5.      The Fifth Circuit recently noted that:

> Where public officials assert qualified immunity in a motion to dismiss, a district court must rule on the motion. It may not permit discovery against the immunity-asserting defendants before it rules on their defense.

*Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022)("The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming QI must survive the motion to dismiss without any discovery."). "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 685, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009)(citing *Siegert v. Gilley*, 500 U.S. 226, 236, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) (KENNEDY, J., concurring in judgment)).

> We decline respondent's invitation to relax the pleading requirements on the ground that the Court of Appeals promises petitioners minimally intrusive discovery. That promise provides especially cold comfort in this pleading context, where we are impelled to give real content to the concept of qualified immunity for high-level officials who must be neither deterred nor detracted from the vigorous performance of their duties. Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.

*Iqbal,* 556 U.S. at 686, 129 S. Ct. at 1953–54.

> Thus, *Iqbal* squarely prohibits interpreting our "careful procedure" as allowing tailored discovery before a district court rules on an official's motion to dismiss. When defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion. It may not permit discovery—"cabined or otherwise"—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense. *Ibid.* The rule is that "a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation"—full stop. *Ramirez,* 3 F.4th at 133 (citing *Mitchell*, 472 U.S. at 526–27, 105 S.Ct. 2806).

*Defs' Motion to Stay Discovery*                                                                 2

*Carswell*, 54 F.4th at 312; *see also Majors v. City of Canton, Mississippi*, No. 25-60148, 2025 WL 3755537, at *2 (5th Cir. Dec. 29, 2025)("*Carswell* clarified that a court may order limited discovery **only after it has denied an immunity-based motion to dismiss** and the defendants have moved for that discovery.")(emphasis added).

6.      Pursuant to the clear direction from the Supreme Court and the Fifth Circuit Court of Appeals, Defendants respectfully request that this Court issue an order staying all discovery in this matter until this Court rules on Defendant Officer Brandon Tamayo's assertion of qualified immunity.

### III.
### CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Court issue an Order staying all discovery in this case, pending the Court's ruling on Defendants' Motion to Dismiss [Dkt.14] asserting qualified immunity for Defendant Officer Brandon Tamayo, and request such other and further relief to which Defendants may show themselves to be justly entitled, at law and in equity.

Signed on this the 12th day of February, 2026.

Respectfully submitted,

BOJORQUEZ LAW FIRM, PC
11675 Jollyville Road
Suite 300
Austin, Texas 78759
(512) 250-0411
(512) 250-0749 (Facsimile)

By: _____

SCOTT M. TSCHIRHART
State Bar No. 24013655
scott@texasmunicipallawyers.com
*Attorneys for Defendants VIA Metropolitan Transit*
*Police Station and Brandon Tamayo*


## CERTIFICATE OF CONFERENCE

This is to certify that Defendants followed the procedures required in the Local Rule CV-7 Western District of Texas regarding Motions. Parties conferenced regarding this Motion to Stay on February 2, 2026 via telephone and email. Defendant followed up on February 11, 2026, and Plaintiff's counsel failed to respond. Therefore, this Motion is filed as "opposed."

_____
SCOTT M. TSCHIRHART

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify and attest that on this the 12th day of February, 2026, all parties in interest listed below have received a true and correct copy of the foregoing as indicated or by **electronic mail from the Clerk of the Court.**

Cal Mundell                                                    *Via E-Notification*
CAL MUNDELL LAW FIRM, PLLC
1520 N. Campbell Street
El Paso, Texas 79902
Phone:  (915) 250-0700
Fax: (915) 250-0087
cal@calmundelllaw.com
*Attorneys for Plaintiff*


_____
SCOTT M. TSCHIRHART